IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATASHA ROBINSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| CONN'S, INC., D/B/A CONN'S | ) | |
| HOMEPLUS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981, as amended. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, providing injunctive and other relief against race discrimination and retaliation in employment.

## II.   PARTIES

2.      Plaintiff, Natasha Robinson, ("Plaintiff") is an African American female over nineteen (19) years of age, a citizen of the United States and a resident of Montgomery, Alabama.

3.      Defendant, Conn's, Inc., d/b/a Conn's HomePlus, ("Defendant") is a foreign corporation engaged in business in Alabama.

4.      At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## III.   ADMINISTRATIVE PROCEDURES

5.      Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by her employer, Defendant Conn's, Inc., d/b/a Conn's HomePlus.

7.      This action seeks to redress unlawful employment practices resulting from the acts of Defendant, their agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining

Defendant from maintaining a habit and/or practice of discriminating against and/or retaliating against the Plaintiff and others similarly situated on account of racial discrimination and retaliation.

8.      On December 21, 2021, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A).

9.      Plaintiff's Right to Sue was mailed by the EEOC on October 3, 2022, to Plaintiff's correct address. (Exhibit B).

10.     Administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.    STATEMENT OF PLAINTIFF'S FACTS

11.      Plaintiff hereby adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

12.     Plaintiff, Natasha Robinson, is an African American female.

13.     Plaintiff began working for the Defendant in or around November 2020.

14.     Plaintiff was hired to work as an Assistant Store Manager for the Roebuck store located in Birmingham, Alabama.

15.     Approximately thirty days after Plaintiff was hired, she was transferred to the Montgomery store.

16.     Defendant failed to properly train Plaintiff and failed to complete Plaintiff's training.

17.     From approximately January to June 2021, the Montgomery store operated without a store manager.

18.     In or around June 2021, Christina "Tine" Bryant, Caucasian, was hired as the District Manager over the Montgomery store.

19.     Ms. Bryant treated Plaintiff and other black employees differently than the Caucasian employees.

20.     Ms. Bryant yelled at Plaintiff and the other black employees and talked down to them.

21.     Ms. Bryant did not yell at the Caucasian employees or talk down to them.

22.     Ms. Bryant, District Manager, stated there were "too many blacks" in her district, referring to the number of black employees.

23.     Ms. Bryant's racially offensive comment was reported to human resources.

24.     After Ms. Bryant's racially offensive comment regarding the number of black employees in her district, Defendant began terminating black employees in the Montgomery store, and other stores under the supervision of  Ms. Bryant, and replacing them with Caucasian employees.

25.    Approximately two to three weeks after Ms. Bryant became the District Manager, Plaintiff complained to human resources about Ms. Bryant and her discriminatory conduct.

26.    Plaintiff complained to Kristi Robinson, Caucasian Human Resources Manager.

27.    Plaintiff engaged in protected activity and complained to Human resources about Ms. Bryant's discriminatory treatment of her and other black employees and that Ms. Bryant wanted to hire Caucasian employees to replace the black employees.

28.    Approximately two weeks after Plaintiff complained to Human resources, Ms. Bryant confronted Plaintiff about her complaints and told Plaintiff to be "team Kristi."

29.    After Plaintiff complained, Ms. Bryant began treating Plaintiff worse and on or about August 24, 2021, Ms. Bryant falsely accused Plaintiff of fraud and when Ms. Bryant was unable to substantiate her false allegation of fraud, she changed her story and falsely accused Plaintiff of violating policy regarding customer pickups.

30.    Plaintiff did not violate any policy regarding customer pickups.

31.    Plaintiff was never coached or disciplined during her employment with Defendant.

32.     Plaintiff was terminated on or about September 3, 2021.

33.     Plaintiff was terminated approximately two weeks after she complained about race discrimination and engaged in protected activity.

34.     Plaintiff was replaced by a Caucasian.

35.     After Ms. Bryant became the district manager, she terminated black employees and replaced them with Caucasian employees.

36.     Defendant terminated other employees that complained and engaged in protected activity.

## COUNT ONE

## PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RACE DISCRIMINATION AND HARASSMENT CLAIMS

37.     Plaintiff hereby adopts and realleges paragraphs one (1) through thirty-six (36) herein above as if fully set forth herein.

38.     Defendant treated Plaintiff differently than Caucasian employees.

39.     Defendant subjected Plaintiff to race discrimination with respect to the terms and conditions of her employment.

40.     Defendant harassed Plaintiff because of her race and subjected Plaintiff to a racially hostile working environment.

41.     Plaintiff has been unjustly harassed, treated differently that Caucasian employees, and terminated and her race, black, was a factor that motivated

Defendant's decisions.

42.    Defendant has a habit and/or practice of discriminating against black employees and applicants and/or allowing racial discrimination.

43.    Supervisors and managers employed by Defendant engaged in these unlawful discriminatory practices, were aware of these unlawful practices, encouraged and/or condoned these unlawful practices.

44.    Defendant failed to train its employees on its purported antidiscrimination policies and reporting procedures.

45.    Defendant's dissemination of any antidiscrimination policies and reporting procedures has been ineffective.

46.    Plaintiff has been directly affected by the racially discriminatory practices described in this Complaint.

47.    Defendant's conduct and the conduct of its employees was so severe or pervasive as to create a racially discriminatory and hostile working environment to which Plaintiff was subjected.

48.     Defendant knew or should have known of the racial discrimination Plaintiff was forced to endure.

49.    Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the racial discrimination Plaintiff was forced to endure.

50.     Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

51.     Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

52.     Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended.

53.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## COUNT TWO

## PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RETALIATION CLAIMS

55.     Plaintiff hereby adopts and realleges paragraphs one (1) through thirty-six (36) herein above as if fully set forth herein.

56.     Plaintiff complained about racial discrimination, harassment and engaged in protected activity.

57.     Plaintiff has been treated differently than other employees that have not

complained of discrimination or engaged in protected activity.

58.     Defendant subjected Plaintiff to adverse treatment, harassment and termination, with respect to the terms and conditions of her employment in retaliation for her complaints and protected activity.

59.     There is a causal connection between Plaintiff's complaints and the adverse actions she has been forced to endure.

60.     Plaintiff has been unjustly harassed and terminated for her complaints and protected activity.

61.     Defendant has a habit and/or practice of retaliating against employees that complain and engage in protected activity.

62.     Supervisors and managers employed by Defendant engaged in these unlawful retaliatory practices, were aware of these unlawful practices, encouraged and/or condoned these unlawful practices.

63.     Defendant failed to train its employees on its purported antiretaliation policies and reporting procedures.

64.     Defendant's dissemination of any antiretaliation policies and reporting procedures has been ineffective.

65.     Plaintiff has been directly affected by the retaliatory practices described in this Complaint.

66.     Defendant's conduct and the conduct of its employees was so severe or

pervasive as to create a retaliatory harassing working environment to which Plaintiff was subjected.

67.    Defendant knew or should have known of the retaliation Plaintiff was forced to endure.

68.    Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

69.    Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

70.    Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

71.    Plaintiff has been retaliated against for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered.

72.    Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as amended.

73.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

74.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as amended;

b.     Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the Civil Rights of 1964 and 42 U.S.C. § 1981, as amended;

c.     Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

s/Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar ID No:  ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:
Ms. Natasha Robinson
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

**Conn's, Inc. d/b/a Conn's HomePlus**
**2445 Technology Forrest Blvd., Suite 800**
**The Woodlands, Texas 77381**