IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATASHA ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-722-RAH |
| | ) [WO] |
| CONN'S, INC., D/B/A CONN'S HOMEPLUS, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Natasha Robinson brought this employment discrimination action against Defendant Conn's, Inc., d/b/a Conn's HomePlus (Defendant or Conn's), asserting claims of race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and 42 U.S.C. § 1981.[1]  According to Robinson, the Defendant unlawfully discriminated against her throughout her employment and when the Defendant ultimately fired her.

Now pending before the Court is the Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration. (Doc. 9.) The Defendant seeks dismissal, or alternatively a stay, of this action pending arbitration because, it

---

[1] Robinson's § 1981 claims are brought under 42 U.S.C. § 1983.

1

contends, Robinson agreed to arbitrate any dispute with the Defendant. Robinson denies doing so and further requests a jury trial to determine whether an agreement to arbitrate exists. Because there is a genuine dispute of fact as to the existence of an arbitration agreement between the parties, the Defendant's motion is due to be denied without prejudice.

## LEGAL STANDARD

If an arbitration agreement exists in this case, it is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (FAA). Although the FAA creates a "'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,'" this presumption "does not apply to disputes concerning whether an agreement to arbitrate has been made." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (citations omitted). "The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Id.* (citation omitted). And a party cannot be compelled to arbitrate their claims unless they have agreed to do so. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

Where, as here, a party moves to compel arbitration under the FAA, the district court must first determine whether "the making of the agreement for arbitration or the failure to comply therewith is . . . in issue." 9 U.S.C. § 4. "If,

2

under a 'summary judgment-like standard,' the district court concludes that there 'is no genuine dispute as to any material fact concerning the formation of such an agreement,' it 'may conclude as a matter of law that [the] parties did or did not enter into an arbitration agreement.'" *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017) (alteration in original) (quoting *Bazemore*, 827 F.3d at 1333). If, on the other hand, "the making of the agreement is . . . in issue," the district court "shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

## DISCUSSION

At issue is whether Robinson agreed to arbitrate her claims against the Defendant. In support of its motion, the Defendant submits an affidavit from Rafael Robert, the Vice President of Human Resources "of Conn's Appliances, Inc., Defendant in the above matter." (Doc. 9-1 at 2.)[2] Robert states that Robinson

---

[2] The named defendant in this case is "Conn's, Inc."—not "Conn's Appliances, Inc." The Defendant does not appear to assert that Robinson has named the wrong defendant. Moreover, Robinson states in her declaration that she began working for "Conn's, Inc." in November 2020—not "Conn's Appliances, Inc." (Doc. 13-1 at 2.)

Perhaps "Conn's Appliances, Inc." is the correct company name, or perhaps the affidavit contains a typo. But if "Conn's Appliances, Inc." is a separate entity from "Conn's, Inc.," the Court questions whether an employee of Conn's Appliances would have personal knowledge of Conn's, Inc.'s business practices, at least without explanation. *Cf. HY-Tech Diode, LLC v. Lumileds Holding B.V.*, No. 7:19-cv-00116-LSC, 2019 WL 4736221, at *5 (N.D. Ala. Sept. 27, 2019) (concluding that the defendants failed to rebut the plaintiff's *prima facie* showing of personal jurisdiction where the defendants' only evidence was declarations from an employee of a separate entity, and the defendants failed to adequately explain how such an employee would have personal knowledge of the defendants' business). Robinson does not mention this naming discrepancy or make any argument about its relevance. The Court expects the parties to address this issue in subsequent proceedings.

3

"completed her New Employee Onboarding at Conn's, which required her to acknowledge receipt of and agree to various Conn's policies, one of which being Conn's Dispute Resolution Plan." (*Id.* at 3.) The Dispute Resolution Plan cites the FAA and "includes a formal 'Internal Dispute Resolution Process' and a Mandatory Binding Arbitration Procedure." (Doc. 9-4 at 2 (emphasis omitted).)

According to Robert, Robinson had to click on a hyperlink button that allowed her to access the Defendant's policies, including the Dispute Resolution Plan. (Doc. 9-1 at 3.) Robinson additionally had to acknowledge receipt of the Defendant's policies by clicking the "Mark as Complete" button, where she acknowledged responsibility "for reading, understanding, and following all policies during [her] employment at Conn's." (*Id.* (citation omitted).) Robert further states that in acknowledging receipt of the Defendant's policies, Robinson accepted the Dispute Resolution Plan, explicitly waived her right to have covered disputes resolved by a court or jury, and agreed that she was subject to all provisions of the Dispute Resolution Plan. (*Id.*)[3] Robert also states that Robinson "could not have started her employment at Conn's without completing the New Employee Onboarding requirement of acknowledging receipt of company policies and agreeing to comply

---

[3] The final page of the Dispute Resolution Plan, entitled "Receipt and Acknowledgement of Conn's Dispute Resolution Plan," contains spaces for the employee's signature, printed name, and date. (Doc. 9-1 at 42.) However, the Dispute Resolution Plan submitted by the Defendant has no signature, printed name, or date. (*See id.*)

4

with said policies," and that Robinson "could not have completed her acknowledgement of company policies or accepted or started her employment at Conn's without reviewing and agreeing to Conn's Dispute Resolution Plan." (*Id.*) Robert also asserts that Robinson completed a "2021 Corporate Policy Review" where Robinson was required to acknowledge and accept the Dispute Resolution Plan. (*Id.* at 4.)

In response, Robinson submits a declaration in which she "unequivocally dispute[s]" that she "signed, agreed to, was aware of, received, and/or reviewed any document titled 'The Dispute Resolution Plan,' or any document purporting to bind [her] to arbitration or alternative dispute resolution, in connection with [her] employment at Conn's." (Doc. 13-1 at 4.) She further states that she "did not agree to arbitration when [she] was hired, or at any time during [her] employment, and do[es] not agree to arbitration now." (*Id.*) Although she admits that she was provided a link to complete her new hire orientation electronically, and that she "clicked on the link and followed the program prompts to check boxes," she states she "did not click on anything on any electronic device agreeing to resolve claims, including [her] discrimination and retaliation claims[,] through arbitration." (*Id.* at 2.) Robinson also expressly requests a jury trial on the issue of whether an arbitration agreement exists. (Doc. 13 at 9–12.)

5

"[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." *Bazemore*, 827 F.3d at 1329 (emphasis omitted) (citation omitted); *see also First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The parties agree that Alabama law governs here. To prove that a contract exists, Alabama law requires the party seeking enforcement to prove by a preponderance of the evidence: "an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (citation omitted).

Given the evidence presented, the Court concludes that a genuine dispute of fact exists as to whether the parties agreed to arbitrate Robinson's claims. The Defendant has presented some evidence as to the existence of an arbitration agreement between the parties, in particular Robert's statement that Robinson "could not have started her employment at Conn's without completing the New Employee Onboarding requirement of acknowledging receipt of company policies and agreeing to comply with said policies," and that Robinson "could not have completed her acknowledgement of company policies or accepted or started her employment at Conn's without reviewing and agreeing to Conn's Dispute Resolution Plan." (Doc. 9-1 at 3.) In response, Robinson "unequivocally dispute[s]" that she "signed, agreed to, was aware of, received, and/or reviewed any document titled 'The Dispute Resolution Plan,' or any document purporting to bind [her] to

arbitration or alternative dispute resolution, in connection with [her] employment at Conn's." (Doc. 13-1 at 4.) She further states that she "did not agree to arbitration when [she] was hired, or at any time during [her] employment, and do[es] not agree to arbitration now." (*Id.*) These facts are irreconcilable, and they must be resolved by a factfinder.

The Defendant contends that Robinson's declaration does not create a genuine dispute of fact because her assertions that she did not read an arbitration agreement are legally insufficient and because she admitted clicking on the link and following the program prompts to check boxes. But the Defendant's argument ignores Robinson's statement that she "unequivocally dispute[s]" that she "signed, agreed to, was aware of, received, and/or reviewed" the Dispute Resolution Plan "or any document purporting to bind [her] to arbitration or alternative dispute resolution, in connection with [her] employment at Conn's." (*Id.*) It also ignores Robinson's statement that she "did not agree to arbitration when [she] was hired, or at any time during [her] employment, and do[es] not agree to arbitration now." (*Id.*) Based on the record before it, the Court concludes that Robinson's evidence is sufficient to create a genuine dispute of material fact as to whether the parties agreed to arbitrate her claims. *See Allen v. P.J. Cheese, Inc.*, No. 2:20-CV-1846-RDP, 2022 WL 16972494, at *4 (N.D. Ala. Nov. 16, 2022) (denying the defendant's motion for summary judgment on the issue of the existence of an arbitration agreement where

7

the defendant produced evidence that the plaintiff electronically signed an arbitration agreement, but the plaintiff stated in a sworn affidavit that he did not).[4]

The Defendant's cited cases do not persuade the Court that a different conclusion is warranted. In *Wilson v. Alorica, Inc.*, the defendant had produced an electronic record showing that the plaintiff acknowledged the arbitration agreement, and the plaintiff did not equivocally deny that he executed the acknowledgement but rather contended only that he did not remember doing so. *See* Case No. 2:17-cv-2182-TMP, 2018 WL 2229703, at *1 (N.D. Ala. May 16, 2018). Here, by contrast, Robinson unequivocally denies ever signing, agreeing to, being aware of, receiving, or reviewing the Defendant's Dispute Resolution Plan. Similarly, in *Mattson v. WTS Int'l, Inc.*, Case No. 8:20-cv-1245-CEH-AEP, 2021 WL 1060211 (M.D. Fla. Mar. 20, 2021), the plaintiffs' evidence was weaker than Robinson's. Although the *Mattson* plaintiffs swore they never "knowingly" signed an arbitration agreement electronically and said they "ha[d] no recollection" of agreeing to arbitrate any disputes, *id.* at *2, they did not "state that they did not sign the arbitration agreement" and instead relied on "a lack of recollection" and "a vague theory" that one of the defendant's employees may have signed the agreement for them, *id.* at *8. Given Robinson's unequivocal denial, a factfinder must resolve the genuine dispute as to

---

[4] While the Court acknowledges that *Allen* is nonbinding, the Court finds its analysis persuasive.

whether the parties agreed to arbitrate Robinson's claims. *See Allen*, 2022 WL 16972494, at *4.[5]

In her response in opposition to the Defendant's motion, Robinson requested a jury trial on the issue of whether the parties agreed to arbitrate her claims. Robinson has a statutory right to a jury trial on this issue, if properly invoked. *See* 9 U.S.C. § 4; *Burch*, 861 F.3d at 1347. The Defendant has not argued that Robinson's jury trial request was deficient. *Cf. Burch*, 861 F.3d at 1349–50 (concluding that the plaintiff had waived his statutory right to a jury trial on the issue of the making of the arbitration agreement and therefore the district court did not err in holding a bench trial). Accordingly, the Court concludes that the issue shall proceed summarily to a jury trial, *see* 9 U.S.C. § 4, and the Court will require the parties to file a joint report setting forth a proposed schedule for conducting any discovery necessary to conduct the jury trial.

## CONCLUSION

For the reasons stated, it is hereby

ORDERED as follows:

---

[5] For the first time in its reply brief, the Defendant argued that Robinson accepted and ratified the Defendant's Dispute Resolution Plan by continuing her at-will employment. But courts ordinarily do not consider arguments raised for the first time in a reply brief and to which the opposing party has not had an opportunity to respond. *See Hope For Families & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1190 n.121 (M.D. Ala. 2010). Because the Defendant raised this argument for the first time in its reply brief and Robinson has not had an opportunity to respond to it, the Court declines to consider it at this stage.

1. Defendant Conn's, Inc.'s Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (Doc. 9) is DENIED WITHOUT PREJUDICE;

2. **On or before May 9, 2023**, the parties shall file a joint report setting forth a proposed schedule for conducting any discovery necessary to conduct a jury trial on the issue of whether the parties agreed to arbitrate Robinson's claims.

**DONE** on this the 25th day of April, 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE